CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 11 2009

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RANDALL J. KEYSTONE, <br>     Petitioner, <br><br> v. <br><br> DIR., VA. DEPT. OF CORRECTIONS, <br>     Respondent. | Civil Action No. 7:09-cv-00413 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

Randall J. Keystone, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that the Virginia Department of Corrections ("VDOC") recalculated his sentence and determined that he should be released on April 28, 2014. The VDOC previously anticipated releasing petitioner on April 29, 2014. Therefore, the VDOC credited petitioner an extra day of custody and expects to release petitioner a day earlier than he expected. Petitioner exhausted his state law remedies when the Supreme Court of Virginia dismissed his state petition for a writ of habeas corpus as untimely filed.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement" where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). However, petitioner merely complains that "no one . . . seems to be able to tell [petitioner] why or how (mathematically)" his release date was reduced by one day. Petitioner listed as his requested relief that he be kept incarcerated for an extra day beyond his currently projected release date.

While petitioner has a constitutional right to not be held in custody beyond an imposed

sentence, petitioner does not have a constitutional right to seek incarceration beyond the imposed sentence. Therefore, the court finds that it does not have jurisdiction to lengthen petitioner's sentence by a day as he requests and, alternatively, that the habeas corpus petition is frivolous. Accordingly, the court dismisses the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 10th day of December, 2009.

_____
Senior United States District Judge